IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RONALD L. GROVES and
KRISTAL GROVES,**

        **Plaintiffs,**

**v.**                //     **CIVIL ACTION NO. 1:10CV149**
                                 (Judge Keeley)

**SUPERIOR WELL SERVICES, LTD.,
a foreign partnership, JACOB
LINABERGER, individually and
as a general partner of Superior
Well Services, Ltd., THOMAS STOELK,
individually and as a general partner
of Superior Well Services, Ltd.,
RHYSE REESE, individually and as a
general partner of Superior Well Services,
Ltd., SUPERIOR GP, LLC, individually and
as a general partner of Superior Well
Services, Ltd., and KEVIN BELT,**

        **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 8]**

Following the defendants' removal of this case from the Circuit Court of Harrison County, West Virginia, the plaintiffs, Ronald L. Groves and Kristal Groves ("the plaintiffs"), filed a motion to remand, which the Court **GRANTED** on November 23, 2010. (dkt. no. 8).

The complaint filed by the plaintiffs alleges that the defendant, Superior Well Services, Ltd. ("Superior"), employed Ronald Groves as a supervisor, that Groves was wrongfully

terminated by Superior and that, at the time of his termination, it failed to fully compensate him ("Count One"). The complaint also alleges that Superior terminated Groves in violation of the public policy of West Virginia ("Count Two"). Count Two also alleges that, while Groves was employed by Superior, he

> objected to certain work conditions including, but not limited to, forcing employees to drive and operate equipment in excess of **federal** and/or state **regulations** as well as reasonably safe time periods without rest.

Pl.'s Compl. at ¶ 22 (emphasis added).

The notice of removal asserted original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and contends that the plaintiffs' claim for wrongful termination arises under and is preempted by the Surface Transportation Assistance Act ("STAA"). See 49 U.S.C. § 31100, et seq. In their motion to remand, however, the plaintiffs argue that, contrary to the defendants' contentions, their complaint contains only an incidental reference to federal law and that their claims arise solely under West Virginia law.

## LEGAL STANDARD

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," as well as over all actions in which the amount in

controversy exceeds $75,000, where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1331 (federal question jurisdiction), § 1332 (diversity of citizenship jurisdiction). Such claims may be removed to a federal court pursuant to 28 U.S.C. § 1441. Removal statutes are strictly construed against the party seeking removal, and the burden of establishing jurisdiction rests on that party. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." Id.

"[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 391 (1987). Moreover, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. (emphasis in original). In other words, district courts have "jurisdiction to hear 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Interstate

3

Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001) (quoting Franchise Tax Bd. v. Const. Laborers Vacation Trust, 463 U.S. 1, 27 (1983)).

## DISCUSSION

In this case, the parties do not dispute that Count One of the complaint arises entirely under state law. The only questions presented thus are whether Count Two arises under federal law, whether it will require the "resolution of a substantial question of federal law," or whether federal law completely preempts the plaintiffs' claims. Franchise Tax, 463 U.S. at 27. The plaintiffs' reply brief asserts that Count Two states a cause of action based on Harless v. First National Bank in Fairmont, 289 S.E.2d 692 (W. Va. 1982), where the West Virginia Supreme Court of Appeals held that "[t]he essence of the cause of action [for retaliatory discharge] is the wrongful and deliberate discharge of the employee who chooses to exercise some substantial public policy right." 289 S.E.2d at 702.

The defendants contend that Count Two arises under federal law because the complaint's allusion to "federal law" clearly references the STAA and the regulations of the Federal Motor Carrier Safety Administration ("FMCSA"). See, e.g., 49 C.F.R.

4

§§ 395.3, 395.4. Under the STAA, persons discharged for objecting to their employers about "a commercial motor vehicle safety or security regulation" may pursue remedial proceedings before the Secretary of Labor. See 49 U.S.C. § 31105. Thus, the defendants argue, the plaintiffs' reference to the STAA establishes their attempt to pursue such a claim.

Aside from the plaintiffs' thinly veiled reference to the STAA or the FMCSA's regulations, however, their complaint lacks any indication that they sought to pursue such a claim. As the defendants recognize, to seek judicial review of such a claim under the STAA, a plaintiff must first file a complaint with the Secretary of Labor. See 49 U.S.C. § 31105(b), (c). Here, the complaint and record are bereft of any reference to such a procedure and the defendants fail to establish that Count Two actually seeks to pursue a claim under 49 U.S.C. § 31105.

Moreover, even if the basis of the plaintiffs' Harless claim included an allegation that Groves was discharged for objecting to his employer about violations of the STAA or the FMCSA's regulations, such a claim would be incidental and not raise a substantial question of federal law. Under Harless, a plaintiff must establish that he was discharged for exercising a substantial public policy right under West Virginia law. See 289 S.E.2d at

5

**GROVES, ET AL. V. SUPERIOR WELL SERVICE, ET AL.        1:10CV149**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 8]**

702. Thus, it would not matter whether the employer actually violated the STAA or the FMCSA's regulations, only whether it had terminated the employee for raising such complaints. See id. Accordingly, any Harless claim by the plaintiffs will only present questions of West Virginia law and not require the construction of federal regulations or statutes.[1]

The United States District Court for the Eastern District of Michigan reached a similar conclusion in the helpful case of Dobberowsky v. Cryogenic Transp., Inc., 989 F. Supp. 848, 851 (E.D. Mich. 1997). In Dobberowsky, the plaintiff filed a claim under the Michigan Whistle Blower's Protection Act by alleging that his employer terminated him for complaining about violations of the FMCSA's regulations. Id. at 851. In reasoning that the plaintiff's "incidental" reference to federal law did not raise a federal question or a substantial question of federal law, the court held that, even if the employer did not violate the STAA, "it may nevertheless have violated the plaintiff employee's whistleblowers

---

[1] The Court recognizes that, under Harless, the plaintiffs ultimately may need to establish that West Virginia has a public policy interest in permitting employees to complain to their employers about perceived violations of the STAA or the FMCSA's regulations, and that firing someone for making such complaints violates the substantial public policy of West Virginia.

rights by retaliating against him for reporting what the employee believed to be a violation of the federal statute." Id. at 852.

In this case, as in Dobberowsky, the plaintiffs' reference to federal law is incidental and their claim under Harless only raises questions of state law. The fact that federal law may provide a defense to this claim does not create federal jurisdiction.

In their notice of removal, the defendants also assert that the plaintiffs' claims are completely preempted by the STAA. As a general rule, federal question jurisdiction may not rest on the assertion of a federal defense, including the defense of preemption. See Caterpillar, 482 U.S. at 391. Under the "complete preemption doctrine," however, a complaint "can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." Vaden v. Discover Bank, 129 S. Ct. 1262, 1273 (2009). The STAA, however, expressly states that it does not completely preempt state law claims:

> Nothing in this section preempts or diminishes any other safeguards against discrimination, demotion, discharge, suspension, threats, harassment, reprimand, retaliation, or any other manner of discrimination provided by Federal or State law.

See 49 U.S.C. § 31105(f). The Court's jurisdiction, therefore, cannot rest on the basis of complete preemption by the STAA.

7

**GROVES, ET AL. V. SUPERIOR WELL SERVICE, ET AL.          1:10CV149**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 8]**

As the parties seeking removal, the defendants bear the burden of establishing federal jurisdiction. Mulcahey, 29 F.3d at 151. At most, however, the Court's federal question jurisdiction is doubtful and "a remand is necessary." Id.

**CONCLUSION**

For the reasons stated on the record and discussed in this opinion, the Court **GRANTED** the plaintiffs' motion to remand (dkt. no. 8), and **REMANDED** the case to the Circuit Court of Harrison County, West Virginia.[2]

It is so **ORDERED**.

The Court directs the Clerk to enter a separate judgment order, and to transmit copies of both orders to all counsel of record. It further directs the Clerk to mail a copy of this order to the Circuit Court of Harrison County, West Virginia.

DATED: December 21, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court **DENIES** the plaintiffs' request for attorneys fees. This case was removed for an objectively reasonable, although incorrect, reason, and attorneys' fees therefore are not recoverable. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).